UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| ARACELI PENA,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>TINA HORNBECK, Warden,<br><br>　　　　　Respondent. | Case No. CV 10-0015-GW(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION |

In 2002, petitioner was convicted of murder with special circumstances, and was sentenced to state prison for a term of life without parole. In 2008, petitioner filed a habeas petition in this Court challenging that 2002 conviction. See Case No. CV 08-7369-AHS(JWJ). The 2008 petition was dismissed with prejudice on June 1, 2009, because it was not filed within the AEDPA's one year limitation period. Petitioner did not appeal from that judgment. On January 4, 2010, petitioner filed this second habeas petition, which also challenges her 2002 conviction.[1]

---

[1] Although it is not entirely clear, petitioner may also seek to challenge the judgment dismissing her earlier petition. If that is her intention, she cannot pursue such relief in this case, but instead must file a motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in Case No. CV 08-7369-AHS.

1     A habeas petitioner is generally required to present all of his or her grounds for relief simultaneously rather than serially. Thus, a petitioner may not file a second or successive petition in this Court without obtaining prior permission from a three-judge panel of the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") As explained by the Supreme Court, the statute

> creates a "gatekeeping" mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.

Felker v. Turpin, 518 U.S. 651, 657 (1996). Unless a petitioner has obtained permission from the Court of Appeals, this Court lacks jurisdiction to consider the merits of a successive petition. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

    Dismissal of a habeas petition for failure to comply with the statute of limitation renders subsequent petitions challenging the same conviction successive. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Because petitioner previously filed a federal habeas petition challenging her 2002 conviction that was denied as untimely, this new petition is a successive petition. Therefore, petitioner is required to move in the Court of Appeals for an order authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A) (as

1 amended).[2]

2    Petitioner has not shown that she has obtained permission from the Court of Appeals to file a successive petition challenging her 2002 conviction. Accordingly, the petition is dismissed without prejudice to petitioner's right to seek the necessary authorization from the Court of Appeals.

Dated: January 11, 2010

_____
George H. Wu
United States District Judge

---

[2] To the extent that petitioner would like to try to show that she falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), she must first present any such argument to the Court of Appeals rather than to this Court. See 28 U.S.C. § 2244(b)(3)(A)&(C).